IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRADLEY JAMES CORNILLE, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-272-NJR |
| | ) | |
| **RICHARD GROOVE,** | ) | |
| **ANDREW TROLOGO, and** | ) | |
| **CITY OF CHRISTOPHER,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Bradley James Cornille, Sr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Sgt. Richard Groove and Christopher Assistant Chief of Police Andrew Trologo conducted a search of his home without a warrant. He asserts claims against the defendants under the Fourth, Fifth, and Fourteenth Amendments. Plaintiff seeks monetary damages.

Defendants removed the case from the Circuit Court for Franklin County, Illinois, pursuant to 28 U.S.C. § 1441. (Doc. 1). The Court finds that removal is proper. Accordingly, the Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations: On either February 26, 2018, or March 5, 2018, (the Complaint lists both dates), Sergeant Groove and Assistant Chief of Police Trologo, from the City of Christopher, asked if they could search Plaintiff's home without a warrant (Doc. 1-1, p. 2). Plaintiff declined to allow the officers in without a warrant, but the officers conducted a search of Plaintiff's home without a warrant anyway. They used items seized during the search to arrest Plaintiff. (*Id.*).

## Preliminary Dismissals

Plaintiff identifies the City of Christopher as a defendant in this case, but he fails to allege any constitutional violation by the City. A municipality may only be sued in a civil rights action if the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). Plaintiff fails to allege any policy or practice that caused the constitutional deprivations alleged in his Complaint. Thus, the City of Christopher is **DISMISSED without prejudice** for failure to state a claim.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single Count in the Complaint:

**Count 1:** **Defendants Richard Groove and Andrew Trologo conducted an unlawful search of Plaintiff's house without a warrant in violation of the Fourth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Although lacking in detail, when construing the *pro se* Complaint liberally, the Court finds that Plaintiff has stated a claim against Groove and Trologo for searching his home without a warrant. *Payton v. New York,* 445 U.S. 573, 586 (1980) ("[S]earches and seizures inside a home without a warrant are presumptively unreasonable."); *United States v. McGraw*, 571 F.3d 624, 628 (7th Cir. 2009). Thus, Count 1 shall proceed.

Although Plaintiff is currently in prison, it is not clear from the Complaint whether his imprisonment stems from charges associated with the search of his home. Even if the arrest was related to the search, the Seventh Circuit has held that Fourth Amendment claims do not necessarily imply the invalidity of a criminal conviction, such that the claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Easterling v. Desmond*, 334 F. App'x 22, 23 (7th Cir. 2009). From the record currently before this Court, and in the absence of any briefing on this issue, the Court declines to determine the applicability of the *Heck* doctrine to Plaintiff's claims at this stage of the case.

Plaintiff's Complaint also alleges that the illegal search of his home was in violation of his Fifth and Fourteenth Amendment rights, but he fails to set forth any allegations to support a constitutional violation beyond the Fourth Amendment search and seizure. Thus, to the extent Plaintiff seeks to allege a claim under the Fifth and Fourteenth Amendments those claims are **DISMISSED without prejudice**.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Motion for Counsel

In his Motion for Counsel (Doc. 10), Plaintiff indicates that he has sent letters to several attorneys, but none has responded to his request. Plaintiff claims that he will need help with this case because his imprisonment will limit his ability to litigate the case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged.").[2] Thus, Plaintiff's Motion for Counsel (Doc. 10) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Count 1 shall proceed against Richard Groove and Andrew Trologo. The City of Christopher is **DISMISSED without prejudice** for failure to state a claim. The Clerk is **DIRECTED** to terminate the City of Christopher from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

Defendants in this case have already entered their appearance and filed an Answer (Doc. 8). Thus, no additional service of the Complaint is necessary at this time.

It is **ORDERED** that this case shall be randomly assigned to a United States Magistrate Judge for disposition of non-dispositive pretrial matters and dispositive matters on an Report and Recommendation basis pursuant to 28 U.S.C. Sec. 636(b)(1)(A) and (B). The assigned Magistrate Judge will address scheduling and discovery matters as soon as practicable. Further, this entire

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. Sec. 636(c), if all parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/17/2019**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**